Joseph H. Harrington
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 09 2018

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

NATHANIEL EUGENE WILLIAMS,

Defendant.

No. 2:18-CR-00039-SMJ-1

Plea Agreement

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney, and Defendant, Nathaniel Eugene Williams ("Defendant"), both individually and by and through his counsel, Colin Prince, Federal Public Defender, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

Defendant agrees to plead guilty to Count One of the Indictment filed on March 6, 2018, charging Defendant with Manufacture of 100 or More Marijuana Plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii), a Class B Felony. Defendant understands that he faces the following potential penalties: not less than 5 years nor more than 40 years of imprisonment; a fine not to exceed $5,000,000; a term of supervised release of not less than 4 years and up to a lifetime; denial of certain federal benefits; and a $100 special penalty assessment.

WILLIAMS PLEA AGREEMENT – MANUFACTURING MARIJUANA – 1

Defendant understands that a violation of any condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. Denial of Federal Benefits:

Defendant understands that by entering the plea of guilty to Count One of the Indictment, Defendant will no longer be eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a.

Defendant also understands that the Court may deny Defendant's eligibility for any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

3. The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maxima stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable Sentencing Guidelines range, but may depart upward or downward.

///

///

4. Effect on Immigration Status:

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is not a citizen of the United States, no one, including his attorney or the District Court, can predict with absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is not a United States citizen.

5. Waiver of Constitutional Rights:

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a. The right to a jury trial;

    b. The right to see, hear and question the witnesses;

    c. The right to remain silent at trial;

    d. The right to testify at trial; and

    e. The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

6. Elements of the Offense:

To convict Defendant of Manufacture of 100 or More Marijuana Plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii), the United States would have to prove the following elements beyond a reasonable doubt:

  a. *First*, on or about July 26, 2017, in the Eastern District of Washington, Defendant knowingly and intentionally manufactured marijuana plants by growing them;

  b. *Second*, Defendant knew that the plants he was growing were in fact marijuana plants; and

  c. *Third*, the quantity of marijuana plants that Defendant knowingly grew was 100 plants or more.

7. Factual Basis and Statement of Facts:

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the Guidelines computation or sentencing, unless otherwise prohibited in this agreement.

On July 26, 2017, Defendant maintained a premises for the purpose of manufacturing marijuana; namely, a house with an attached shop on Sherman Road in Spokane, within the Eastern District of Washington. Within the house and shop, Defendant operated and controlled a marijuana grow of approximately 250 marijuana plants. Defendant knowingly manufactured each of those marijuana plants, and he knew at all times that the plants he was growing were in fact marijuana. Defendant also knew that he was growing approximately 250 plants.

In the bedroom of the house, officers located two firearms; namely, a Sig Sauer, model P220 Elite, 10mm caliber pistol, bearing serial number 37B041055, and a Glock, model 26, 9mm caliber semi-automatic pistol bearing serial number MPH879. Officers also located approximately 873 rounds of various types and calibers of ammunition, including 9mm, 10mm, .38 special, 12-gauge shotgun, and .223 rifle rounds.

///

8. <u>The United States Agrees To Dismiss Charges:</u>

The United States Attorney's Office for the Eastern District of Washington agrees to dismiss, at the time of sentencing, the remaining charges in the Indictment, which allege the following: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 2); Possession of Firearms in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 4). The United States also agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Plea Agreement. Defendant understands that the United States is free to criminally prosecute him for any other past unlawful conduct or any unlawful conduct that occurs after the date of this Plea Agreement.

The United States also agrees not to file an information to establish an enhanced penalty pursuant to 21 U.S.C. § 851, based on Defendant's prior drug conviction.

9. <u>United States Sentencing Guideline Calculations:</u>

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine his applicable sentencing guideline range at the time of sentencing.

    a.    <u>Base Offense Level</u>:

The United States and Defendant agree that Defendant's base offense level is 16, based on a drug quantity of between 20-40 kilograms of marijuana, calculated based on each plant being equivalent to 100 grams of marijuana. *See* U.S.S.G. § 2D1.1(a)(5), (c)(12) and Note (E) to the Drug Quantity Table; U.S.S.G. § 1B1.3(a).

    b.    <u>Specific Offense Characteristics</u>:

The United States reserves the right to seek a two-level sentencing enhancement based on Defendant's possession of dangerous weapons; namely, the Sig Sauer and

Glock handguns in the house. See U.S.S.G. § 2D1.1(b)(1). Defendant reserves the right to oppose the imposition of that enhancement.

The United States and Defendant agree that Defendant's base offense level is increased by two levels (+2) because he maintained a premises for the purpose of manufacturing a controlled substance. See U.S.S.G. § 2D1.1(b)(12).

   c. <u>Acceptance of Responsibility</u>:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and signs and provides this Plea Agreement for filing with the court prior to October 9, 2018, the United States will move for a three-level downward adjustment in offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three-level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense or tests positive for any controlled substance.

Based on the foregoing, the United States and Defendant agree that Defendant's final adjusted offense level would be level 17 or level 15, depending on whether the Court imposes a 2-level enhancement for possession of firearms under U.S.S.G. § 2D1.1(b)(1).

   d. <u>Criminal History</u>:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which will be determined after the Presentence Investigative Report is completed.

10. Incarceration:

The United States agrees to recommend a sentence of incarceration no higher than the low end of the Sentencing Guidelines range determined by the Court, acknowledging that the low end of the Guidelines may be supplanted by the 60-month mandatory minimum sentence set forth in 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii). Defendant agrees to recommend a sentence of incarceration of no lower than 60 months.

11. Supervised Release:

The United States and Defendant each agree to recommend that the Court impose a 10-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

    a. Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs, not to exceed six non-treatment drug tests per month during the imposed term of supervised release; and

    b. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

12. Criminal Fine:

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

13. Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

///

WILLIAMS PLEA AGREEMENT – MANUFACTURING MARIJUANA – 7

14. <u>Payments While Incarcerated:</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15. <u>Additional Violations of Law Can Void Plea Agreement:</u>

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

16. <u>Waiver of Appeal Rights and Collateral Attack:</u>

Defendant is aware that 18 U.S.C. § 3742 affords Defendant the right to appeal Defendant's sentence. Acknowledging this, Defendant knowingly and voluntarily agrees to waive all constitutional and statutory rights to appeal his conviction and sentence, including but not limited to an express waiver of appeal of challenges to the terms of this Plea Agreement, his guilty plea, venue, and statute of limitations, so long as the Court imposes a custodial sentence no higher than 120 months.

Defendant expressly waives Defendant's right to file any post-conviction motion attacking Defendant's mental competence, plea, conviction, and/or sentence, including motions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 18 U.S.C. § 3742, except a motion based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence.

If Defendant successfully moves to withdraw or vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on the count to which he is pleading guilty, then: (1) this Agreement shall become null and void; (2) the United States may prosecute him on any count to which he has pleaded guilty; (3) the United

WILLIAMS PLEA AGREEMENT – MANUFACTURING MARIJUANA – 8

States may reinstate any counts that have been dismissed, have been superseded by the filing of an Information, or were not charged because of this Agreement; (4) the United States may file any new charges that would otherwise be barred by this Agreement; and (5) the United States may prosecute Defendant on all available charges involving or arising from the incidents charged in the Indictment. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, Defendant agrees to waive any objections, motions, and defenses he might have to the United States' decision, including Double Jeopardy.

In particular, Defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment. Defendant waives his right to appeal any fine, Special Assessment, or terms of supervised release imposed by the Court. Nothing in this Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

17. <u>Integration Clause:</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

///

///

WILLIAMS PLEA AGREEMENT – MANUFACTURING MARIJUANA – 9

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
United States Attorney

_____   10/9/18
David M. Herzog                      Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____   10/9/18
Nathaniel Eugene Williams            Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____   10/9/18
Colin Prince                         Date
Attorney for Defendant

WILLIAMS PLEA AGREEMENT – MANUFACTURING MARIJUANA – 10